Filed 9/29/25  In re Jeremy C. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re JEREMY C. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E085898 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J282041-42) |
| v. | OPINION |
| R.M., | |
| Appellant; | |
| J.L. et al., | |
| Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis for Appellant.

Tom Bunton, County Counsel and Glenn C. Moret, Deputy County Counsel, for Plaintiff and Respondent.

No appearance by Respondents.

Robin M. appeals from the juvenile court's order denying her petition for access to the juvenile case file in this dependency case. We affirm.

BACKGROUND

Robin filed a form petition for access to the juvenile case file (Judicial Council form JV-570) in February 2025. (Welf. & Inst. Code, § 827, subd. (a)(1)(Q); unlabeled statutory citations refer to this code.) She identified herself as the former foster parent to Jeremy C. and Layla C. The petition requested access to all petitions, detention reports, jurisdiction/disposition reports, status review reports, minute orders, reporter's transcripts, social worker notes, delivered services logs, and other child protective services records. Robin identified a separate civil case (by case number) as the "reason[]" for the petition. In the section of the form for her description of why she needed the records, Robin stated: "These records are essential and relevant to the civil proceeding that will assist Petitioners' Counsel in preparation for trial and/or trial exhibits, and also to request for judicial notice. Petitioners' Counsel will adhere to all protective orders, if any, made by the Juvenile court regarding the dissemination of these records and transcripts." (All grammatical and typographical errors are in the original.) The petition did not include any attachments or exhibits.

2

San Bernardino County Children and Family Services (CFS) objected to the petition. CFS's objection explained that the agency had looked up the civil case number identified in the petition, and the matter appeared to be a petition for writ of administrative mandamus filed by Robin in June 2024. According to CFS's review of the court's website, Robin was challenging the administrative decision that resulted in her inclusion in the Child Abuse Central Index (CACI). CFS noted that Robin had filed a prior petition for access to "the CACI administrative hearing records" regarding Layla and Jeremy. CFS did not object to that prior petition, and the juvenile court granted it in May 2024. The agency submitted a copy of the court's May 2024 order, which authorized release of the "administrative record regarding the CACI hearing."

CFS noted that Robin failed to provide the underlying petition for administrative mandamus or explain the matter. The agency argued that she failed to show good cause for access to the entire juvenile court file, especially given that she already had access to the CACI administrative hearing record.

The juvenile court denied Robin's petition for access in March 2025. The court concluded that (1) access was not in the children's best interests and (2) Robin had not shown that the requested records were necessary and substantially relevant to her legitimate need.

## DISCUSSION

Robin argues that the juvenile court erred by denying her petition for access to the juvenile case file. We disagree.

Certain individuals, like a child's parent or guardian, may inspect or receive copies of juvenile case files without a court order, and anyone else seeking access must petition the court. (§ 827, subd. (a)(1)(D); *In re B.F.* (2010) 190 Cal.App.4th 811, 818.) The petition must specify the records being sought and "describe in detail" the reasons for seeking the records and their relevance to the petitioner. (Cal. Rules of Court, rule 5.552(b)(2); unlabeled rule references are to the California Rules of Court.) The court may summarily deny a petition that does not show good cause for access to the records. (Rule 5.552(d)(1).) If the petition shows good cause, then the court may set a hearing on the matter. (Rule 5.552(d)(2).)

The petitioner has the burden of proving by a preponderance of the evidence "that the records requested are necessary and have substantial relevance to the legitimate need of the petitioner." (Rule 5.552(d)(6).) In deciding whether to grant the petition, "the court must balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public." (Rule 5.552(d)(4).) And to grant the petition, "the court must find that the need for access outweighs the policy considerations favoring confidentiality of juvenile case files." (Rule 5.552(d)(5).) We review the juvenile court's order for abuse of discretion. (*In re B.F.*, *supra*, 190 Cal.App.4th at pp. 814, 818.)

The court did not abuse its discretion in this case. Robin asserted in a conclusory manner that the juvenile records were "essential" and "relevant" to her civil case. Those conclusory assertions did not carry her burden of showing by a preponderance of the evidence that the records were necessary and substantially relevant. She did not explain

4

the civil case at all or submit a copy of the pleading. Without any information bearing on the necessity or relevance of the records, the court had no basis to conclude that her need for access outweighed the policy considerations favoring confidentiality. Nor did the court have any basis to conclude that her interests outweighed the children's interests and the interests of the other parties in the dependency proceedings.

On appeal, Robin continues to assert in a conclusory fashion that the juvenile case file "is necessary" for her civil case and that "the juvenile file is relevant to her filed complaint in the civil action." She cites no evidence in the record that supports those assertions, and she still does not explain the substance of the underlying case. Her conclusory assertions fail to show that the juvenile court erred. (*Red Mountain, LLC v. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 347 [the appellant has the burden of showing error].)

Robin also asserts that as a "former guardian (foster parent)," she is entitled to the juvenile case file "as a matter of law." She cites no authority for that proposition, nor are we aware of any. Section 827 permits a child's parent or guardian to receive copies of the case file without a court order (§ 827, subd. (a)(1)(D), (5)), but that refers to a child's legal guardian, not merely any caregiver. There is no evidence that Robin is the children's legal guardian.

For these reasons, the court did not abuse its discretion by denying Robin's petition for access to the juvenile case file.

5

DISPOSITION

The juvenile court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
                                                                    J.

We concur:


McKINSTER
            Acting P. J.


MILLER
            J.